NO.
12-10-00112-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

LEE
ROSS POTTER,                                        '                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Lee
Ross Potter appeals his conviction for robbery.  Appellant=s counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S.
Ct. 1396, 18 L. Ed. 2d
493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969).  Appellant also filed a brief pro
se. We dismiss Appellant=s appeal.

 

Background

Appellant
was charged by indictment with the offense of robbery, a second degree felony.[1]
The indictment also
included a felony enhancement paragraph.[2]  On March 22, 2010, Appellant entered an “open” plea
of guilty to the offense charged in the indictment, and also pleaded Atrue@ to the felony enhancement. 
Appellant and his counsel signed an agreed punishment recommendation, an
acknowledgment of admonishments, a waiver of jury trial, an agreement to
stipulate testimony, and a stipulation of evidence in which Appellant swore that
all allegations pleaded in the indictment were true and correct and judicially
confessed to the offense alleged in the indictment.  However, Appellant did not waive his right to
appeal.

After
a punishment hearing, the trial court adjudged Appellant guilty of robbery,
found the enhancement paragraph to be Atrue,@ and assessed his punishment at twenty-five years of
imprisonment, court costs, and restitution.[3]  This appeal followed.

 

Analysis
pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  From our review of Appellant=s brief, it is apparent that his counsel is well
acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s brief presents a chronological
summation of the procedural history of the case, and further states that
counsel is unable to raise any arguable issues for appeal. 

Appellant=s pro se brief raises eight[4] issues. He argues that his trial
counsel rendered ineffective assistance as follows:

 

1.             coercing
and threatening Appellant to sign an “open” plea of guilty by promising him
that he would receive probation;

 

2.             failing
to have Appellant evaluated by a qualified psychiatrist to determine whether he
was competent to enter a guilty plea because he was taking psychoactive
medications; and

 

3.             failing
to accept the trial court’s offer of a continuance in order to address an
alleged error in the presentence investigation.

 

 

Further,
he argues that 

 

1.                  
his
guilty plea was involuntary and coerced because his trial counsel threatened
him and erroneously promised him that he would receive probation;

 

2.                  
a
conflict of interest existed because the trial judge, trial counsel, and the
prosecutor were customers at the bank Appellant allegedly robbed;

 

3.                  
the
presentence investigation was erroneous because it included a previous
conviction that was overturned on appeal at the time of his punishment hearing;
and

 

4.                 
he
was erroneously indicted for the offense of robbery because the evidence
supported the lesser offense of theft.

 

 

We
have reviewed the record for reversible error and have found none. 

 

Conclusion

As
required, Appellant=s counsel has moved for leave to
withdraw. See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  We are in agreement with
Appellant=s counsel that the appeal is
wholly frivolous and his motion for leave to withdraw is hereby granted. 
See In re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R.
App. P. 48.4; In
re Schulman,
252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this
case by the Texas Court of Criminal Appeals, he must either retain an attorney
to file a petition for discretionary review or he must file a pro se petition
for discretionary review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex. R.
App. P. 68.2.  Any
petition for discretionary review must be filed with this court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of
the filings in this case.  See Tex.
R. App. P. 68.3; In re Schulman, 252 S.W.3d
at 408 n.22.  Any petition for discretionary review should comply with the
requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See Tex. R.
App. P. 68.4; In
re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion
delivered January 5, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] See Tex. Penal Code Ann. § 29.02(a)(2), (b)
(Vernon 2003).





[2] Initially, the
indictment included two enhancement paragraphs.  However, the second enhancement
paragraph was abandoned by the State at Appellant’s plea hearing.  If it is shown
on the trial of a second degree felony that the defendant has been once before
convicted of a felony, on conviction he shall be punished for a first degree
felony.  See Tex. Penal Code Ann. § 12.42(b) (Vernon Supp. 2010).





[3] An individual
adjudged guilty of a first degree felony shall be punished by imprisonment for
life or for any term of not more than ninety-nine years or less than five years
and, in addition, a fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2010).





[4]  Although
Appellant raised eight issues in his pro se brief, two of the issues were
duplicative.